**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| TEKsystems, Inc., | Case No. 10-CV-00819 (PJS/SRN) |
| Plaintiff, | |
| v. | ORDER FOR PERMANENT INJUNCTION AND DISMISSAL OF ACTION |
| Brelyn Hammernik, f/k/a Brelyn Kritz, Quinn VanGorden, Michael Hoolihan, and Horizontal Integration, Inc., | |
| Defendants. | |

Based on a stipulation entered into by and between plaintiff TEKsystems, Inc. ("TEKsystems") and defendants Brelyn Hammernik ("Hammernik"), Quinn VanGorden ("VanGorden"), Michael Hoolihan ("Hoolihan") and Horizontal Integration ("Horizontal") (Horizontal, Hammernik, VanGorden and Hoolihan are collectively referred to as "Defendants"), the Court enters the following permanent injunction ("Order"). For purposes of this Order, TEKsystems and Defendants shall collectively be referred to as the "Parties."

I.  For purposes of this Order, the following definitions will apply:

A.  The word "Business" (when capitalized only) means providing information technology staff augmentation services, including recruiting, employing, and providing the services of technology and communications professionals on a temporary or permanent basis as well as providing managed and component services to companies and other entities throughout the United States. "Managed component services" means applications, infrastructure

- 1 -

and education services that can scale from a managed service, project-based or outsourced model depending on the management and responsibility a customer or partner is looking to assume. "Business" does not mean interactive marketing project work. "Interactive marketing project work" means user experience design, creative design, technical development and deployment of internet based solutions. The use of the word "business" (in lower case) in this Injunction shall have its ordinary meaning.

B. The word "Documents" shall have the broadest meaning ascribed to it under the Federal Rules of Civil Procedure, and shall include documents in paper form, electronic form, on "cloud" systems or otherwise maintained in any way by Defendants.

C. The word "Computers" shall refer to all servers, hard drives, "cloud" storage systems, jump drives, zip drives, CBIZ or other electronic storage devices that are owned, controlled or in the possession of any of the Defendants.

D. The phrase "Hammernik and Hoolihan Customers" means those persons listed in Attachment 1 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

E. The phrase "the Restricted Customer" means the person listed in Attachment 2 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

F. The phrase "the VanGorden Customers" means the persons listed in Attachment 3 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

G. The phrase "the Horizontal Customers" means the persons listed in Attachment 4 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

H. The phrase "the Hammernik, Hoolihan and VanGorden Candidates" means the persons listed in Attachment 5 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

I. The phrase "the TEKsystems Candidates" means the persons listed in Attachment 6 of this Injunction, which information is incorporated into the terms of this Injunction by reference.

J. The words "Customer" or "Customers," as used in Sections VI, VII and VIII below, means, collectively, the Hammernik and Hoolihan Customers, the VanGorden Customers and the Horizontal Customers.

K. The phrase "the TEKsystems' Regular Employees" has the meaning given to it in the agreements attached as Attachment 7 of this Injunction, which information is incorporated into the terms of this Injunction by reference. These Agreements shall be referred to in this Stipulation as "the TEKsystems Employment Agreements."

II. Defendants shall (both collectively and individually) locate, identify, return to TEKsystems and then remove\erase\destroy all Documents Hammernik, VanGorden

and\or Hoolihan took from TEKsystems by any means whatsoever that evidence, summarize, refer or relate to TEKsystems' business. In complying with this obligation, Defendants shall take each of the following steps:

(i) Defendants shall search all Computers belonging to them, in their possession or under their control for any Documents in Defendants' possession or control from March 1, 2009 to the date the Injunction is entered as an order of the Court. Defendants shall complete this search within 10 days of the date the Injunction is entered by the Court.

(ii) Defendants shall identify to TEKsystems all Documents found as a result of complying with subparagraph (i) of this Paragraph II by providing TEKsystems with electronic copies of all Documents, along with the identification of the Computer on which each Document was found, within 15 days of the date the Court enters the Injunction.

(iii) Within 20 days of the date the Court enters the Injunction, Defendants shall permanently remove\destroy\erase all Documents found as a result of complying with subparagraph (i) of this Paragraph II. By the same date, each Defendants shall provide a sworn affidavit stating that he, she or it has complied with the terms of subparagraphs (i) through (iii) of this Paragraph II.

(iv) Within 30 days of the date the Court enters the Injunction, TEKsystems shall have the right to identify a forensic computer specialist chosen by it to analyze and review the Computers to confirm that the Documents have

been permanently removed\erased\destroyed. The forensic expert shall then have 60 days to analyze and review the Computers and shall be given reasonable access on-site at Horizontal to the Computers by Defendants to assure compliance with the terms of Subparagraphs (i) – (iii) above and the Defendants shall cooperate to ensure that this analysis is completed. TEKsystems will not have access to the Defendants' Computers and the forensic computer specialist shall not provide any documents, data or information that evidences, summarizes, refers or relates to Horizontal Integration's business or personal information of its employees. TEKsystems will be responsible for paying all fees and costs charged by the forensic computer specialist.

III. For twelve (12) months following August 26, 2010, Hammernik and Hoolihan shall not contact, solicit, or accept Business from the Hammernik and Hoolihan Customers. Additionally, Hoolihan shall not contact, solicit, or accept Business from the Restricted Customer. This provision shall include Hammernik and Hoolihan contacting or actively soliciting Business from the Hammernik and Hoolihan Customers and\or responding to requests from any Hammernik and Hoolihan Customer for Business during the period of restriction.

IV. For twelve months following August 26, 2010, VanGorden shall not contact, solicit, or accept Business from the VanGorden Customers. This provision shall include VanGorden contacting or actively soliciting Business from the VanGorden

Customers and\or responding to requests from any VanGorden Customer for Business during the period of restriction.

V.   For twelve (12) months following August 26, 2010, Horizontal shall not contact, solicit, or accept Business from the Horizontal Customers.  This provision shall include Horizontal contacting or actively soliciting Business from the Horizontal Customers and\or responding to requests from any Horizontal Customer for Business during the period of restriction.

VI.   For fourteen (14) months following August 26, 2010, Hammernik, Hoolihan and VanGorden shall not contact or solicit the Hammernik, Hoolihan and VanGorden Candidates with the intent of establishing a Business relationship with those Candidates or so that Defendants may recommend those Candidates to any Customer in order to obtain Business from that Customer.

VII.   For twelve (12) months following August 26, 2010, Horizontal shall not contact or solicit any of the TEKsystems Candidates with the intent of Defendants recommending the TEKsystems Candidates to any Customer in order to obtain Business from that Customer.

VIII.   In order to assure that Defendants comply with the terms of Paragraphs VI and VII above, and during the term set forth in Paragraph VII, Horizontal will be permitted to place the names of the TEKsystems Candidates only on its CBIZ system solely for the purpose of assuring that these persons are not contacted by Horizontal employees.  Horizontal shall include only the names of the TEKsystems Candidates within the CBIZ system along with an indication next to each name that the person is not

to be contacted by any Horizontal employees during the period set forth in Paragraph VII. Upon expiration of the period set forth in Paragraph VII, Horizontal will fully and completely remove the names of the TEKsystems Candidates from its CBIZ system and shall return to TEKsystems all copies of Exhibits A and B to the Settlement Agreement (with the exception of any copies of Exhibits A and B that are retained by Defendants' counsel solely for inclusion in counsel's file regarding the Lawsuit).  Defendants shall also provide affidavits stating that they have removed\returned the names and lists as provided in this subparagraph.  Additionally, this subparagraph shall in no way alter the obligations of Hammernik, Hoolihan and VanGorden under Paragraph VI above.

      IX.    For twelve months following August 26, 2010, Defendants shall not contact or solicit any of the TEKsystems Regular Employees for the purpose of seeking to have a TEKsystems Regular Employee become employed by Horizontal or any company that may now, or during the restricted period, become associates with it.

      X.    Should Hammernik, VanGorden or Hoolihan leave the employ of Horizontal, their respective TEKsystems Employment Agreements will control any post-employment conduct by that individual, not the terms of this Stipulation and Order entered by the Court.

      XI.    Attachments 1 through 6 of the Injunction shall be filed under seal pursuant to the Stipulation For Entry Of Confidentiality Agreement and Protective Order [Docket Entry No. 13] and the Court's Order regarding that Stipulation [Docket Entry No. 15] given that they contain information that is deemed confidential to the Parties' respective businesses and business pursuits.  The Court finds that disclosure of this information to

the general public would have an adverse impact on the Parties' respective businesses and business pursuits.

XII. The Court enters this Order pursuant to the Stipulation For Permanent Injunction and Dismissal of Action [Docket Entry No. 19], in which the parties have agreed to resolve all claims, counterclaims and potential claims against each other, with the understanding that nothing in the Stipulation or Order may be construed as an admission by any of the parties, and that all parties have specifically denied any liability or unlawful conduct whatsoever.

XIII. As of the Date this Order is entered, this action is dismissed with prejudice, with each party to bear its own attorneys' fees and costs, with the specific understanding that the Order shall remain in full force and effect until its terms and conditions are completely fulfilled.

Dated:  October 18, 2010

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge